UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM LIFE
INSURANCE COMPANY,

        Plaintiff,

vs.                                              Case No. 8:05-cv-775-T-24EAJ

YVETTE TALAVERA, LUIS TALAVERA, JR.,
MARLENE TALAVERA, MELISSA NARANJO,
JORGE R. TALAVERA and
JORGE TALAVERA, SR.,

        Defendants.
_____/

## **O R D E R**

This cause comes before the Court on its own. This action involves a dispute between two potential sets of beneficiaries to a $250,000 life insurance policy issued by Plaintiff State Farm Insurance Company ("State Farm") on the life of Luis Talavera, Sr. ("Mr. Talavera").

Defendant Yvette R. Talavera ("Yvette") is Mr. Talavera's widow. Defendants Luis Talavera, Jr. ("Luis"), Marlene Talavera ("Marlene"), and Melissa Naranjo ("Melissa") are Mr. Talavera's children. Defendant Jorge Talavera, Sr. is Mr. Talavera's brother. Defendant Jorge R. Talavera is Mr. Talavera's nephew.

On October 29, 2004, Mr. Talavera submitted an "Application for Life Insurance" to State Farm. The application named Yvette, Luis, Marlene, and Melissa as primary beneficiaries. On October 29, 2004, State Farm gave Mr. Talavera a Binding Receipt that provided temporary

life coverage. The current dispute stems from a Change of Beneficiary form executed near the date of Mr. Talavera's death.[1]

On April 21, 2005, State Farm filed an Interpleader Complaint in which it states "State Farm has no interest in the $250,000.00 payable under the Binding Receipt" and that "[a] determination of which defendant is entitled to the Binding Receipt is best left to the judiciary" (Doc. No. 1). On May 6, 2005, Defendants Jorge Talavera, Sr. and Jorge R. Talavera filed their Answer to Interpleader Complaint (Doc. No. 12). On July 8, 2005, this Court entered an Order in which it granted Plaintiff's Motion to Interplead Funds Into the Registry of the Court (Doc. No. 19). State Farm was excused from substantive involvement in the case and the Clerk was directed to accept $250,000, plus applicable interest, as the amount in controversy for this action and deposit said funds into the Court Registry.

On July 29, 2005, Defendants Yvette, Marlene, and Melissa[2] filed an answer to the Interpleader Complaint (Doc. No. 21). Additionally, Defendants Yvette, Marlene, and Melissa filed a cross-claim for declaratory relief and rescission against Defendants Jorge Talavera, Sr. and Jorge R. Talavera (Doc. No. 22). Lastly, Defendants Yvette, Marlene, and Melissa filed a claim to the funds interpled in this case by State Farm (Doc. No. 23).

---

[1]On January 6, 2005, a Change of Beneficiary form was provided to State Farm naming Jorge R. Talavera as primary beneficiary and Jorge Talavera, Sr. as successor beneficiary to the proceeds. Yvette claims the Change of Beneficiary form is fraudulent.

[2]The Court notes that while Luis was served with the Interpleader Complaint on April 27, 2005 (Doc. No. 8), he has not filed a response to the Interpleader Complaint or otherwise made an appearance in this case.

To date, Defendants Jorge Talavera, Sr. and Jorge R. Talavera have failed to respond to the cross-claim.  Furthermore, no Case Management Report has been filed by the parties within the time proscribed in Local Rule 3.05.

Accordingly, it is **ORDERED AND ADJUDGED** that on or before **December 23, 2005**, Defendants Jorge Talavera, Sr. and Jorge R. Talavera shall respond to the cross-claim.  Furthermore, on or before **December 23, 2005,** the parties shall file an appropriate Case Management Report and a joint status report regarding the status of this case.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of December, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

All Parties and Counsel of Record