UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM LIFE
INSURANCE COMPANY,

           Plaintiff,

vs.                                 Case No. 8:05-cv-775-T-24EAJ

YVETTE TALAVERA, LUIS TALAVERA, JR.,
MARLENE TALAVERA, MELISSA NARANJO,
JORGE R. TALAVERA and
JORGE TALAVERA, SR.,

           Defendants.
_____/

**O R D E R**

This cause comes before the Court on Plaintiff State Farm Insurance Company's ("State

Farm") Unopposed Motion to Discharge Interpleader Plaintiff (Doc. No. 40).  State Farm seeks

an Order from this Court discharging it from the case.  State Farm represents that Defendants do

not oppose this motion.

**I.**       **Procedural History**

This action involves a dispute between two potential sets of beneficiaries to a $250,000

life insurance policy issued by State Farm on the life of Luis Talavera, Sr. ("Mr. Talavera").

Defendant Yvette R. Talavera ("Yvette") is Mr. Talavera's widow.  Defendants Luis Talavera,

Jr. ("Luis"), Marlene Talavera ("Marlene"), and Melissa Naranjo ("Melissa") are Mr. Talavera's

children.  Defendant Jorge Talavera, Sr. is Mr. Talavera's brother.[1]  Defendant Jorge R. Talavera

is Mr. Talavera's nephew.

On October 29, 2004, Mr. Talavera submitted an "Application for Life Insurance" to

State Farm.  The application named Yvette, Luis, Marlene, and Melissa as primary beneficiaries.

On October 29, 2004, State Farm gave Mr. Talavera a Binding Receipt that provided temporary

life insurance coverage.  The current dispute stems from a Change of Beneficiary form executed

near the date of Mr. Talavera's death.[2]

On April 21, 2005, State Farm filed an Interpleader Complaint in which it states "State

Farm has no interest in the $250,000.00 payable under the Binding Receipt" and that "[a]

determination of which defendant is entitled to the Binding Receipt is best left to the judiciary"

(Doc. No. 1).  On May 6, 2005, Defendants Jorge Talavera, Sr. and Jorge R. Talavera filed their

answer to the Interpleader Complaint (Doc. No. 12).  On July 8, 2005, this Court entered an

Order in which it granted State Farm's Motion to Interplead Funds Into the Registry of the Court

(Doc. No. 19).  State Farm was excused from substantive involvement in the case, and the Clerk

was directed to accept $250,000, plus applicable interest, as the amount in controversy for this

action and deposit said funds into the Court Registry.

---

[1]On May 4, 2006, this Court dismissed Jorge Talavera, Sr. as a defendant and/or counter-plaintiff in this case (Doc. No. 43).

[2]On January 6, 2005, a Change of Beneficiary form was provided to State Farm naming Jorge R. Talavera as primary beneficiary and Jorge Talavera, Sr. as successor beneficiary to the proceeds.

On July 29, 2005, Defendants Yvette, Marlene, and Melissa[3] filed their answer to the Interpleader Complaint (Doc. No. 21) and a cross-claim for declaratory relief and rescission against Defendants Jorge Talavera, Sr. and Jorge R. Talavera (Doc. No. 22).  Additionally, Defendants Yvette, Marlene, and Melissa filed a claim to the funds interpled in this case by State Farm (Doc. No. 23).  On August 8, 2005, State Farm deposited $255,075.33 into the Registry of the Court (Doc. No. 24).

On December 16, 2005, Defendants Jorge Talavera, Sr. and Jorge R. Talavera filed their answer to Defendants Yvette, Marlene, and Melissa's cross-claim (Doc. No. 28) and a cross complaint for declaratory relief against Defendants Yvette, Marlene, and Melissa (Doc. No. 29). On January 23, 2006, Defendants Yvette, Marlene, and Melissa filed their answer to Defendants Jorge Talavera, Sr. and Jorge R. Talavera's cross complaint (Doc. No. 35).

## II.    Discussion

State Farm seeks an Order from this Court discharging it from the case prior to a determination as to the proper beneficiary or beneficiaries of the $250,000 life insurance policy issued by State Farm on the life of Mr. Talavera and distribution of the proceeds.  The Court finds dismissal of State Farm is appropriate in this case.

Fed. R. Civ. P. 22 governs rule interpleader.  Rule 22(1) states in relevant part:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.

---

[3]The Court notes that while Luis was served with the Interpleader Complaint on April 27, 2005 (Doc. No. 8), he has not filed a response to the Interpleader Complaint or otherwise made an appearance in this case.

"Rule 22(1) provides a procedural framework for interpleader actions, but it does not confer subject matter jurisdiction on federal courts."  Commercial Nat'l Bank of Chicago v. Demos, 18 F.3d 485, 488 (7th Cir. 1994).  State Farm based its interpleader action upon diversity of citizenship jurisdiction.  "Once diversity exists in a rule interpleader case, it is not lost when the stakeholder is discharged, leaving only nondiverse claimants."  21 Fed. Proc., L. Ed. §49:22.

Generally speaking, the court first determines whether interpleader is appropriate before ruling on other matters.  If interpleader is considered proper, the plaintiff is dismissed from the proceeding and the remaining parties should litigate among themselves the matter in dispute. See 45 Am. Jur. 2d Interpleader §13; see also Mid-Am. Indem. Co. v. McMahan, 666 F. Supp. 926, 928 (S.D. Miss. 1987); Gen. Accident Group v. Gagliardi, 593 F. Supp. 1080, 1087 (D. Conn. 1984).  Here interpleader is appropriate.

At issue in the present case is the proceeds of the $250,000 life insurance policy to which Defendants Yvette, Marlene, and Melissa, as well as Defendant Jorge R. Talavera, have made a claim.  Since there are adverse claims to the same insurance proceeds, State Farm could be exposed to multiple liability.  The present action is a true interpleader action in that State Farm is a neutral party and asserts no claim to the $250,000 life insurance proceeds.  See Texas v. Florida, 306 U.S. 398, 406 (1939).  On August 8, 2005,  State Farm deposited the entire proceeds of the life insurance policy, plus interest, into the Registry of the Court (Doc. No. 24). Accordingly, State Farm should be discharged from the proceeding.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of July, 2006.

Copies to:
All Parties and Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

4