UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM LIFE
INSURANCE COMPANY,

        Plaintiff,

vs.                                                  Case No. 8:05-cv-775-T-24EAJ

YVETTE TALAVERA, LUIS TALAVERA, JR.,
MARLENE TALAVERA, MELISSA NARANJO,
JORGE R. TALAVERA and
JORGE TALAVERA, SR.,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on the Motion for Summary Judgment of Defendants, Yvette R. Talavera, Marlene Talavaera and Melissa Naranjo (Doc. No. 39). Defendant Jorge R. Talavera filed a response in opposition thereto (Doc. No. 44).

**I.    Procedural History**

This action involves a dispute between two potential sets of beneficiaries to a $250,000 life insurance policy issued by State Farm on the life of Luis Talavera, Sr. ("Mr. Talavera"). Defendant Yvette R. Talavera ("Yvette") is Mr. Talavera's widow. Defendants Luis Talavera, Jr. ("Luis"), Marlene Talavera ("Marlene"), and Melissa Naranjo ("Melissa") are Mr. Talavera's children. Defendant Jorge Talavera, Sr. is Mr. Talavera's brother.[1] Defendant Jorge R. Talavera

---

[1] On May 4, 2006, this Court dismissed Jorge Talavera, Sr. as a defendant and/or counter-plaintiff in this case (Doc. No. 43).

is Mr. Talavera's nephew. The current dispute stems from a Change of Beneficiary form executed near the date of Mr. Talavera's death.

On April 21, 2005, State Farm filed an Interpleader Complaint in which it states "State Farm has no interest in the $250,000.00 payable under the Binding Receipt" and that "[a] determination of which defendant is entitled to the Binding Receipt is best left to the judiciary" (Doc. No. 1). On May 6, 2005, Defendants Jorge Talavera, Sr. and Jorge R. Talavera filed their answer to the Interpleader Complaint (Doc. No. 12). On July 8, 2005, this Court entered an Order in which it granted State Farm's Motion to Interplead Funds Into the Registry of the Court (Doc. No. 19). State Farm was excused from substantive involvement in the case and the Clerk was directed to accept $250,000, plus applicable interest, as the amount in controversy for this action and deposit said funds into the Court Registry.

On July 29, 2005, Defendants Yvette, Marlene, and Melissa[2] filed their answer to the Interpleader Complaint (Doc. No. 21) and a cross-claim for declaratory relief and rescission against Defendants Jorge Talavera, Sr. and Jorge R. Talavera (Doc. No. 22). Additionally, Defendants Yvette, Marlene, and Melissa filed a claim to the funds interpled in this case by State Farm (Doc. No. 23). On August 8, 2005, State Farm deposited $255,075.33 into the Registry of the Court (Doc. No. 24).

On December 16, 2005, Defendants Jorge Talavera, Sr. and Jorge R. Talavera filed their answer to Defendants Yvette, Marlene, and Melissa's cross-claim (Doc. No. 28) and a cross complaint for declaratory relief against Defendants Yvette, Marlene, and Melissa (Doc. No. 29).

---

[2]The Court notes that while Luis was served with the Interpleader Complaint on April 27, 2005 (Doc. No. 8), he has not filed a response to the Interpleader Complaint or otherwise made an appearance in this case.

On January 23, 2006, Defendants Yvette, Marlene, and Melissa filed their answer to Defendants Jorge Talavera, Sr. and Jorge R. Talavera's cross complaint (Doc. No. 35).

## II.     Factual Background

On October 29, 2004, Mr. Talavera completed an Application for Life Insurance (the "Application")(Doc. No. 39, Exh. A thereto).  The Application was taken by Nancy Talavera, who is an employee of State Farm agent, Glenn Mitchell (Doc. No. 39, N. Talavera Depo. pp. 10, 17-18 and 34).  Nancy Talavera is the mother of Defendant Jorge R. Talavera (Doc. No. 39, N. Talavera Depo., p. 8).  On the Application, Mr. Talavera designated Defendants Yvette, Luis, Marlene, and Melissa as the primary beneficiaries (Doc. No. 39, Exh. A thereto).

On January 6, 2006, Mr. Talavera allegedly executed a Change of Beneficiary Form which named Defendant Jorge R. Talavera as the primary beneficiary and Defendant Jorge Talavera, Sr. as the secondary beneficiary (Doc. No. 39, Exh. B thereto).  Defendants Yvette, Marlene, and Melissa dispute the authenticity and enforceability of the Change of Beneficiary Form and contend that Defendant Jorge R. Talavera was named the primary beneficiary on the Change of Beneficiary Form so that Defendant Jorge Talavera, Sr. could avoid the claims of creditors (Doc. No. 39, J. Talavera, Sr. Depo., pp. 60-61).  Defendant Jorge R. Talavera was informed that he was the primary beneficiary of Mr. Talavera's insurance policy after Mr. Talavera's death (Doc. No. 39, J. Talavera, Sr. Depo. pp. 60 and 106 and J. Talavera Depo., p. 35).

## III.    Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. Id. at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. See id. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**IV.     Discussion**

Defendants Yvette, Marlene, and Melissa move for summary judgment against Defendant Jorge R. Talavera arguing that since the Change of Beneficiary Form is "tainted by unclean hands" this Court should either disregard the Change of Beneficiary Form or bar Defendant Jorge R. Talavera from seeking relief in these proceedings.  Defendant Jorge R. Talavera argues that summary judgment is not appropriate since he is an innocent third party.  Specifically, Defendant Jorge R. Talavera contends that he was not a party to the conversation between Mr. Talavera and Jorge Talavera, Sr. with respect to changing beneficiaries, and therefore, he cannot be guilty of any misconduct.

In order to successfully assert the doctrine of unclean hands, Defendants Yvette, Marlene, and Melissa must demonstrate two things: (1) that Defendant Jorge R. Talavera's wrongdoing concerned them and is directly related to the matter in the litigation; and (2) that they were personally injured by Defendant Jorge R. Talavera's conduct.  See Merrill Lynch v. Dunn, 191 F. Supp. 2d 1346, 1355 (M.D. Fla. 2002).  Defendants Yvette, Marlene, and Melissa have not established that the doctrine of unclean hands applies to the unique facts of this case.

Jorge Talavera, Sr. is no longer a party in this case having asked the Court to be dismissed.  However unclean Mr. Talavera or Jorge Talavera, Sr.'s hands may be with respect to the purported Change of Beneficiary Form, the Court has insufficient evidence of misconduct on the part of Defendant Jorge R. Talavera so as to  justify the application of the unclean hands doctrine to him and thus bar him from recovery of the insurance funds.  See Gonzalez v. Reno, 2000 WL 381901, *2, n. 6 (11th Cir. 2000); see also 27A Am. Jur. 2d Equity §137 (application of doctrine of unclean hands must be supported by the evidence).

5

The parties agree that, in the event the Court finds that the doctrine of unclean hands is not applicable, there is a material issue of disputed and unresolved fact regarding the authenticity of the Change of Beneficiary Form.  Therefore, the Court finds that summary judgment in Defendants Yvette, Marlene, and Melissa's favor is not appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)   The Motion for Summary Judgment of Defendants, Yvette R. Talavera, Marlene Talavera and Melissa Naranjo (Doc. No. 39) is **DENIED**.

(2)   The Pretrial Conference in the above-captioned matter scheduled for Friday, August 11, 2006 at 8:30 a.m. is hereby **RESCHEDULED to Friday, August 4, 2006 at 8:30 a.m.**

**DONE AND ORDERED** at Tampa, Florida, this 20th day of July, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

All Parties and Counsel of Record